**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Sa.Z., et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | No. 26 C 6477 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, et al., | ) | |
| | ) | |
| *Defendants*. | | |

## MEMORANDUM OPINION & ORDER

Plaintiff Sa.Z. and 25 other lawful permanent residents (collectively, "Plaintiffs") are challenging a newly issued policy by the United States Citizenship and Immigration Services ("USCIS") placing an adjudication hold on all pending naturalization applications filed by noncitizens from almost forty countries. (Dkt. 1). Plaintiffs moved for a temporary restraining order and preliminary injunction, asking the Court to set aside the Policy Memoranda and compel adjudication of their applications. (Dkt. 16). Meanwhile, Defendants requested that this case be reassigned to Judge Manish S. Shah pursuant to Local Rule 40.3(b)(2). (Dkt. 25). For the reasons stated below, the Court denies Defendants' Motion for Reassignment [25], dismisses all Plaintiffs other than Sa.Z, Sa.Si, and Pa.En for improper joinder, and strikes Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [16] without prejudice.

## BACKGROUND

On January 20, 2025, President Trump signed Executive Order 14161, imposing heightened screening and vetting procedures for noncitizens seeking entry into the United States as well as certain noncitizens already present in the country, with particular emphasis on

1

individuals arriving from countries or regions with "identified security risks." EO 14161 § 2. President Trump subsequently issued Presidential Proclamation 10949 on June 4, 2025. Proclamation No. 10949 § 1(f)-(g), 90 Fed. Reg. 24497 (June 4, 2025). The Proclamation imposed a complete suspension and limitation on the entry of nationals from twelve countries, including Plaintiffs' home country of Iran, and established partial entry restrictions for nationals of seven additional countries. *Id.* A few months later, on December 16, 2025, President Trump issued Presidential Proclamation 10998, which broadened the scope of the earlier restrictions by adding to and expanding the lists of affected countries. Proclamation No. 10998 §§ 2-5, 90 Fed. Reg. 59717 (Dec. 16, 2025).

Following issuance of the Presidential Proclamations, USCIS adopted two policy memoranda implementing the restrictions imposed by President Trump. On December 2, 2025, USCIS released Policy Memorandum PM-602-0192, which instructed agency personnel to, among other things, place a hold on pending benefit requests for noncitizens from countries listed in Proclamation No. 10949 regardless of entry date and pending a "comprehensive review." *See* Dep't of Homeland Sec., USCIS, Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries, PM-602-0192 (Dec. 2, 2025) ("PM-602-0192"). USCIS later expanded this directive through Policy Memorandum PM-602-0194, issued on January 1, 2026. That memorandum extended the hold-and-review process to pending benefit applications filed by nationals of the additional countries designated in Proclamation No. 10998. *See* Dep't of Homeland Sec., USCIS, Hold and Review of USCIS Benefit Applications Filed by Aliens from Additional High-Risk Countries, PM-602-0194 (Jan. 1, 2026) ("PM-602-0194"). PM-602-0194 explains that, although affected applications may continue

moving through the ordinary stages of processing, the hold prevents USCIS from taking final action on the case, including issuing an approval, denial, or other final adjudication. *Id.* at 1, n.2.

Plaintiffs are Iranian citizens with lawful permanent resident status in the United States. (Dkt. 1 ¶ 50); (Dkt. 6). Four of the plaintiffs reside in Illinois, and of those four, three reside in this District. (Dkt. 6). The rest of the plaintiffs live in Arizona, California, Texas, Florida, Washington, Louisiana, and New York. (*Id.*). Though geographically diverse, they converge on point of paperwork: all submitted Forms N-400 Applications for Naturalization after satisfying the statutory eligibility requirements for naturalization under the Immigration and Nationality Act ("INA"), and all are awaiting final adjudication of their naturalization applications. (Dkt. 1 ¶¶ 3, 50). In terms of where in the adjudication process they are presently stagnated, Plaintiffs divide themselves into two groups: Group One consists of 19 individuals who have filed Forms N-400 and are awaiting interviews, and Group Two consists of seven individuals who have filed Forms N-400 and have completed naturalization interviews. (*Id.* ¶¶ 53, 55). Their applications remain pending because of the adjudication holds effectuated by PM-602-0192 and PM-602-0194 (together, the "Policy Memoranda"). (*Id.* ¶¶ 4, 140).

Plaintiffs filed suit against Defendants, alleging that the Policy Memoranda violate the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, because they exceed statutory authority and unlawfully withhold or unreasonably delay agency action. (*Id.* ¶¶ 166-212). Plaintiffs seek declaratory and injunctive relief, as well as writs of mandamus under 28 U.S.C. § 1361. (*Id.* ¶¶ 213-237, 359-409). They ask the Court to hold unlawful and set aside the Policy Memoranda, enjoin Defendants from enforcing the Policy Memoranda against Plaintiffs and "similarly situated lawful permanent residents seeking naturalization," and order Defendants to adjudicate Plaintiffs' pending Forms N-400 within established deadlines. (*Id.* at 63-65). On June

2, 2026, Plaintiffs moved for a temporary restraining order ("TRO") and preliminary injunction, seeking the same relief outlined in the Complaint. (Dkt. 16). Defendants oppose the entry of a TRO or preliminary injunction, (DKt. 30), and asked the Court to reassign the case to Judge Shah, (Dkt. 25).

## DISCUSSION

### I.    Motion for Reassignment

Defendants argue that this case should be reassigned to Judge Shah under Local Rule 40.3(b)(2) because, in their view, it amounts to a refiling of a case that was previously before him: *A.A. et al. v. USCIS*, No. 26 C 2210 (N.D. Ill. June 4, 2026). The 51 plaintiffs in that case, represented by the same attorneys as the current Plaintiffs, also challenged the Policy Memoranda. *Id.* at Dkt. No. 1. The *A.A.* plaintiffs fell into four groups: (1) I-485 and I-130 applicants seeking adjustment of status and related benefits; (2) F-1 students with pending I-765 applications for OPT; (3) N-400 naturalization applicants, both pre- and post-interview; and (4) I-589 asylum applicants. (Dkt. 25 ¶ 1). After the Government moved to dismiss, raising concerns about jurisdiction and joinder, *A.A.*, No. 26 C 2210, Dkt. No. 31, the *A.A.* plaintiffs voluntarily dismissed their complaint. *A.A.*, No. 26 C 2210, Dkt. No. 35.

Around the same time, Judge Sara L. Ellis granted a TRO in *Doe v. United States Citizenship & Immigration Services*, No. 26 C 2389, Dkt. No. 33 (N.D. Ill. March 26, 2026), a case also brought by Plaintiffs' counsel challenging the Policy Memoranda. (Dkt. 28 at 2). That case involved one plaintiff who was waiting for adjudication of Forms I-485, I-765, I-131, and I-485 Supplement J. *Doe*, No. 26 C 2389, Dkt. No. 33 at 1. Following entry of the TRO, Plaintiffs' counsel dismissed the case after unsuccessfully trying to add 131 plaintiffs to the action. (Dkt. 28 at 2). Plaintiffs' counsel then filed four new lawsuits, including this one. (*Id.* at 3). The other suits

are before Judge Shah, Judge Sharon Johnson Coleman, and Judge John J. Tharp. (*Id.* at 3-4). Plaintiffs' counsel sought to structure the newly filed separate cases in response to the concerns the Government raised in the *A.A.* filing about joinder, separating plaintiffs according to the types of applications they had filed. (*Id.* at 3).

Pursuant to Local Rule 40.3(b)(2), "[w]hen a case is dismissed with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter, the second case shall be assigned to the judge to whom the first case was assigned." N.D. Ill. LR 40.3. Defendants posit that this case should have been assigned to Judge Shah because it involves the same defendants, the same subject matter, and "a number of the same plaintiffs" as *A.A.* (Dkt. 25 at 2). Yet by design, this case only involves *some* of the plaintiffs who were named in *A.A.* Defendants do not provide, nor is the Court aware of any, case law suggesting that a partial overlap of plaintiffs is sufficient to trigger Local Rule 40.3(b)(2).

Additionally, this case only involves pending naturalization applications, which are governed by different provisions of the INA than the other categories of immigration benefits at issue in *A.A.*. *Compare, e.g.*, 8 U.S.C. § 1447(b) (allowing plaintiffs to seek judicial intervention if their naturalization application has not been adjudicated within 120 days of their examination) *with* 8 U.S.C. § 1182(d)(5)(A) (granting the Secretary of DHS authority discretion to "parole into the United States temporarily . . . any alien applying for admission"). Whether advanced-parole decision-making is jurisdictionally barred, as Defendants argued in *A.A*, has nothing to do with whether § 1447(b) is the sole remedy for Plaintiffs in this case, as Defendants argue here, (Dkt. 30 at 5-7). As such, even though this case asserts overlapping legal challenges to the same immigration policies as the *A.A.* filing, it does not involve identical subject matter nor does it mirror the statutory bases for those claims.

5

In short, Local Rule 40.3(b)(2) does not implicate this matter. *See, e.g., Henry v. U.S.A.*, 2007 WL 9772367, at *1 (N.D. Ill. Dec. 11, 2007) (denying motion to reassign where new case asserted same allegations of fraud against the same defendants but challenged a different type of notice, holding that the "analysis and ruling in the first case" was not applicable to the second case). Given the differences between the parties and legal claims in this case and *A.A.*, "judicial economy and efficiency do not require reassignment" to Judge Shah. *Id.* at *1. Accordingly, the Court denies Defendants' Motion for Reassignment. *Cf. Williams by Rollins v. United States*, 2014 WL 13111680, at *1-2 (N.D. Ill. May 8, 2014) (granting motion to reassign where the case involved the same parties and alleged the same claims based on the same incident).

## II.    Joinder

Before reaching the merits of Plaintiffs' claims, the Court must address Defendants' argument that joinder is improper. (Dkt. 30 at 7-8). Under Federal Rule of Civil Procedure 20, two or more plaintiffs may join in a single action if: (1) they assert claims "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there exists a "question of law or fact common to all plaintiffs." Fed. R. Civ. P. 20(a)(1). Plaintiffs have the burden of establishing proper joinder. *See In re Veluchamy*, 879 F.3d 808, 819 n.4 (7th Cir. 2018). Joinder rules are "broad" and give "district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

Because Plaintiffs challenge the same nationwide policies and raise common questions concerning their validity under the APA, the Court assumes for present purposes that the threshold requirements of Rule 20(a) could be satisfied within the four corners of the Complaint. *See Dubey v. United States Dep't of Homeland Sec.*, 2025 WL 371780, at *3 (N.D. Ill. Feb. 3, 2025), *aff'd*

*sub nom. Dubey v. Dep't of Homeland Sec.*, 154 F.4th 534 (7th Cir. 2025) (finding joinder proper where plaintiffs challenged the cancellation of the visas because each plaintiff challenged "DHS's actions on a process-related point that appears to be common to all of them"); *Zamora v. Jaddou*, 347 F.R.D. 505, 509 (N.D. Ill. 2024) (recognizing plaintiffs could satisfy joinder with allegations that their visa applications were not being adjudicated because of a "nationwide policy" or "overall delay" by USCIS); *Krishnan v. United States Dep't of Homeland Sec.*, 2026 WL 113479, at *2 (N.D. Ind. Jan. 14, 2026) (holding that plaintiffs' allegations of procedural violations relating to how their visas were processed satisfied Rule 20(a)).

Even so, permissive joinder remains subject to the Court's discretion, and the Court concludes that joinder is not appropriate here given broader procedural considerations and with an eye toward potential downstream remedies. District courts may deny permissive joinder when "other relevant factors in the case" indicate that joinder would not "comport with the principles of fundamental fairness." *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001). Joinder may likewise be inappropriate where combining the parties in a single action "will not foster the objectives of the rule, but will result in prejudice, expense or delay." *UWM Student Ass'n*, 888 F.3d at 863. Courts in this Circuit have exercised that discretion to deny joinder where the resulting procedural posture would undermine efficient case management. *See, e.g., Zamora*, 347 F.R.D. at 509 (denying permissive joinder of 59 plaintiffs challenging delays in the adjudication of visa applications); *Liu v. Noem*, 2025 WL 1141023, at *4 (S.D. Ind. Apr. 17, 2025) (denying permissive joinder of seven plaintiffs from different districts challenging the termination of their F-1 status).

In *Zamora*, 59 U-visa applicants from across the country filed a single action against USCIS alleging unreasonable delay under the APA and seeking to compel the adjudication of their long-pending applications. *Id.* at 507. The court held that, even assuming Rule 20 would permit

7

joinder, the court would deny joinder as a matter of discretion because the case either required individualized inquiries into each plaintiff's circumstances—making nationwide joinder inefficient—or involved a challenge to agency policies applicable to all applicants, in which case a class action under Rule 23 was the more appropriate procedural vehicle. 347 F.R.D. at 509 (citing Fed. R. Civ. P. 23). Finding joinder improper on these grounds, the court dismissed all but the lead plaintiff. *Id.* at 509-10.

The same concerns are present here. Twenty-six Plaintiffs from eight states challenge the same Policy Memoranda, allege the same injury (unreasonable delay in the adjudication of their naturalization applications), and seek the same relief. If Plaintiffs' claims rise or fall based on the validity of the Policy Memoranda rather than the individualized facts of their applications as Plaintiffs contend, Rule 23 provides the procedural mechanism specifically designed to adjudicate and remedy such claims on a representative basis. *See* Fed. R. Civ. P. 23(a) (specifying prerequisites to bring a class action); Fed. R. Civ. P. 23(b)(2) ("A class action may be maintained if Rule 23(a) is satisfied and if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.").

Permitting joinder of Plaintiffs from Districts across the country outside of the class action context also raises concerns about universal or nationwide injunctions in light of the Supreme Court's recent decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025). In *CASA*, the Court held that federal courts generally lack authority to issue universal injunctions. 606 U.S. at 856. The Court emphasized that when litigants seek relief benefiting a broader group, Rule 23 supplies the appropriate procedural vehicle through its requirements of numerosity, commonality, typicality,

8

and adequacy of representation. *Id.* at 849-50.[1] It stated that universal injunctions "forg[e] a shortcut to relief that benefits parties and nonparties alike" and circumvent these procedural protections. *Id.* Here, there are 26 individuals from across the country pursuing injunctive relief from a nationwide policy. Allowing joinder here risks creating a "de facto class action[] at will" that could conflict with this guidance laid out in *CASA*. *Id.*

To be clear, the Court is not requiring Plaintiffs to proceed as a class. Rather, the Court concludes that joinder of Plaintiffs from across the country would not promote judicial efficiency and raises the concerns about universal injunctions identified by the Supreme Court in *CASA*. Limiting this action to Plaintiffs who reside in this District avoids those concerns. If Plaintiffs wish to pursue claims on behalf of individuals outside this District, they may seek leave to amend their Complaint to assert class allegations. Courts across the country are currently considering similar challenges to the Policy Memoranda, and at least one court has vacated the adjudication-hold policy. *See Dorcas Int'l Inst. of Rhode Island et al. v. USCIS et al.*, 2026 WL 1622708 (D.R.I. June 5, 2026). Others may reach different conclusions. A class action may provide Plaintiffs with a more appropriate mechanism for avoiding inconsistent adjudications and varying standards of conduct for Defendants. *See* Fed. R. Civ. P. 23(b)(1)(A).

The Court's decision is underscored by the substantial questions the Complaint raises regarding appropriate venue for the out-of-District Plaintiffs. Plaintiffs assert that venue is proper under 28 U.S.C. § 1391(e). (Dkt. 1 ¶ 44). Section 1391(e) governs "civil action[s] in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity." 28 U.S.C. § 1391(e). Venue is proper in "any judicial district in which (A) a defendant

---

[1] In a footnote, the *CASA* Court observed that its decision did not "resolves the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action" under 5 U.S.C. § 706(2)." 606 U.S. 847 n.10 (2025).

9

in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved." *Id.* Plaintiffs Sa.Z, Sa.Si, and Pa.En. reside in Chicago, Illinois, so venue is proper in this District for their claims. (Dkt. 6). Because of this, Plaintiffs assert that venue is proper for the other Plaintiffs' claims, even though they do not reside in this District. (Dkt. 1 ¶ 46). Section 1391(e)(1) makes clear, however, that "additional persons" may only be joined as parties "in accordance" with "other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party." This means that venue would only be proper for the out-of-District plaintiffs' claims if the requirements of 28 U.S.C. § 1391(b) are met.

Under 28 U.S.C. § 1391(b), venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" and "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Defendants are not all residents of Illinois, so the only path to venue in this District for the other Plaintiffs is 28 U.S.C. § 1391(b)(2). Plaintiffs assert that "a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within this District, including implementation and enforcement of the challenged adjudicative hold-and-review framework against Plaintiffs and similarly situated individuals." (Dkt. 1 ¶ 47). Yet, they do not state which USCIS field offices are processing the out-of-District Plaintiffs' applications, which would inform where venue is proper for them. *See Nayi v. Noem*, 799 F. Supp. 3d 739, 745 n. 2 (N.D. Ill. 2025) (holding that the relevant events for analyzing venue in action challenging delay in adjudicating visa applications were "the events

necessary for USCIS to make determinations on Plaintiffs' petitions," which include where plaintiffs went for collection of their biometrics).

Allowing joinder would only postpone resolution of these venue issues, which would likely result in the dismissal of those Plaintiffs from the case or the transfer of their claims to a proper venue. *See, e.g., Kulla v. Mayorkas*, 2024 WL 4188017, at *2 (N.D. Ill. Sept. 13, 2024) (granting motion to dismiss for improper venue where plaintiffs failed to satisfy Section 1391(e) requirements); *Ahir v. Noem*, 2025 WL 2522642, at *5 (N.D. Ill. Sept. 2, 2025) (same); *Goodman v. Clark*, 2009 WL 3462535, at *4 (N.D. Ill. Oct. 22, 2009) (transferring case after holding that venue was not proper in this District under § 1391(e)); *Decker v. Krueger*, 2021 WL 5396034, at *1 (S.D. Ill. Nov. 18, 2021) (same). By denying joinder now and allowing the out-of-District Plaintiffs to seek relief where venue is proper (should they wish to proceed with individual claims instead of a class action), the Court is avoiding unnecessary and costly litigation. *See United States v. Carter*, 695 F.3d 690, 700 (7th Cir. 2012) (noting that one purpose of permissive joinder is to promote judicial efficiency).

In sum, permitting joinder of the out-of-District Plaintiffs raises several procedural and legal issues that risk delaying resolution of the underlying issues and increasing the costs and length of litigation. Accordingly, the Court finds that joinder is improper under Rule 20(a)(1). The proper remedy for misjoinder is severance or dismissal of the improperly joined parties. *UWM Student Ass'n*, 888 F.3d at 864; *see also* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."). All Plaintiffs other than Sa.Z, Sa.Si, and Pa.En are dismissed from this case without prejudice. The Court is mindful of the urgency of Plaintiffs' request for relief and the significance of the delays they allege. Nevertheless, before addressing the merits of that request, the Court must ensure that the case is properly pleaded and procedurally sound. Taking the time

11

necessary to resolve these threshold issues will promote the orderly and efficient adjudication of this action.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Reassignment [25] is denied. All Plaintiffs other than Sa.Z, Sa.Si, and Pa.En are dismissed without prejudice for improper joinder. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [16] is stricken with leave to refile.

Virginia M. Kendall
United States District Judge

Date: June 12, 2026