THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SA.Z., et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | No. 26 C 6477 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

### OPINION & ORDER

Plaintiffs Sa.Z., Sa.Si., and Pa.En. filed this lawsuit to challenge newly issued policy memoranda by the United States Citizenship and Immigration Services ("USCIS") placing an adjudication hold on all pending naturalization applications filed by noncitizens from almost forty countries. (Dkt. 1). On June 5, 2026, a judge in the District of Rhode Island vacated the challenged policies. *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, 2026 WL 1622708 (D.R.I. June 5, 2026), *judgment entered*, 2026 WL 1695954 (D.R.I. June 11, 2026). One week later, USCIS released a web alert indicating that, pursuant to the *Dorcas* decision, the Policy Memoranda should be treated as though they are not in effect[1]. Defendants now move to dismiss this case as moot. For the reasons stated below, the Court denies Defendants' Motion [35].

### BACKGROUND

Plaintiffs are Iranian citizens with lawful permanent resident status in the United States. (Dkt. 1 ¶ 50); (Dkt. 6). In 2025, President Trump issued two Presidential Proclamations imposing

---

[1] *See* United States Citizenship & Immigr. Servs, <u>Court Order on Hold Policies,</u> Alerts, https://www.uscis.gov/newsroom/alerts/court-order-on-hold-policies (June 12, 2026)

complete suspensions on the entry of nationals from certain countries, including Iran, and partial entry restrictions on other countries. Proclamation No. 10949 § 1(f)-(g), 90 Fed. Reg. 24497 (June 4, 2025); Proclamation No. 10998 §§ 2-5, 90 Fed. Reg. 59717 (Dec. 16, 2025). These Proclamations were in furtherance of an Executive Order that imposed heightened screening and vetting procedures for noncitizens seeking entry into the United States as well as certain noncitizens already present in the country, with particular emphasis on individuals arriving from countries or regions with "identified security risks." EO 14161 § 2.

Following issuance of the Presidential Proclamations, USCIS adopted two policy memoranda ("Policy Memoranda") implementing the restrictions imposed by President Trump. The Policy Memoranda, PM-602-0192 and PM-602-0194, instructed agency personnel to, among other things, place a hold on pending benefit requests for noncitizens from countries listed in the Presidential Proclamations pending a "comprehensive review." *See* Dep't of Homeland Sec., USCIS, Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries, PM-602-0192 (Dec. 2, 2025); Dep't of Homeland Sec., USCIS, Hold and Review of USCIS Benefit Applications Filed by Aliens from Additional High-Risk Countries, PM-602-0194 (Jan. 1, 2026).

Plaintiffs, residents of Illinois, submitted Forms N-400 Applications for Naturalization after satisfying the statutory eligibility requirements for naturalization under the Immigration and Nationality Act ("INA"), and are awaiting final adjudication of their applications. (Dkt. 1 ¶¶ 3, 50). Sa.Si. and Pa.En have progressed beyond the interview stage of the adjudication process, while Sa.Z. is awaiting their interview. (*Id.* ¶¶ 53, 55). Their applications remain pending because of the adjudication holds effectuated by the Policy Memoranda. (*Id.* ¶¶ 4, 140).

2

Plaintiffs filed suit against Defendants with 23 other lawful permanent residents, alleging that the Policy Memoranda violate the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, because they exceed statutory authority and unlawfully withhold or unreasonably delay agency action. (Dkt. 1 ¶¶ 166-212). They seek declaratory and injunctive relief, as well as writs of mandamus under 28 U.S.C. § 1361. (*Id.* ¶¶ 213-237, 359-409). They ask the Court to hold unlawful and set aside the Policy Memoranda, enjoin Defendants from enforcing the Policy Memoranda against Plaintiffs and "similarly situated lawful permanent residents seeking naturalization," and order Defendants to adjudicate Plaintiffs' pending Forms N-400 within established deadlines. (*Id.* at 63-65).

On June 2, 2026, Plaintiffs moved for a temporary restraining order ("TRO") and preliminary injunction, seeking the same relief outlined in the Complaint. (Dkt. 16). Many similar challenges have been brought by other plaintiffs against these same policies across the country. *See Doe v. Edlow*, 2026 WL 1945085, at *1 (S.D. Ohio July 6, 2026) (collecting cases). On June 12, 2026, the Court dismissed all plaintiffs except Sa.Z., Sa.Si., and Pa.En. for improper joinder. (Dkt. 34 at 6-12). It denied Plaintiffs' motion for a TRO and preliminary injunction without prejudice. (*Id.* at 12). Prior to entry of this Order, a judge in the District of Rhode Island declared the Policy Memoranda unlawful under 5 U.S.C. § 706(2)(A) and (C) vacated them as contrary to law, arbitrary, and capricious. *Dorcas*, 2026 WL 1622708, at *54. On the day this Court issued its Order, USCIS released an alert acknowledging the *Dorcas* decision and stating that the Policy Memoranda "should be treated as if they are not in effect." USCIS Alert, *supra* n.1. The alert further stated that USCIS "strongly disagrees" with the *Dorcas* decision but will follow it "pending possible further judicial review." *Id.*

Defendants now move to dismiss the case as moot. (Dkt. 35). They argue that, pursuant to USCIS's June 12 alert and the *Dorcas* decision, the Policy Memoranda are no longer in effect, so Plaintiffs have already obtained the relief they seek. (*Id.* at 2). In the alternative, both parties request a stay. (Dkt. 38 at 13-14); (Dkt. 43 at 2).

## LEGAL STANDARD

"Mootness strips a federal court of subject-matter jurisdiction." *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 894 F.3d 807, 815 (7th Cir. 2018); *see also E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021) (if a claim becomes moot, "federal courts lose subject matter jurisdiction over the case"). A motion to dismiss pursuant to Rule 12(b)(1) challenges this Court's subject-matter jurisdiction over the action. Fed. R. Civ. P. 12(b)(1). Accordingly, the Court construes Defendants' Motion as one brought under Federal Rule of Civil Procedure 12(b)(1). *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (recognizing that a motion to dismiss on mootness grounds is brought under Rule 12(b)(1)); *LAF v. Dep't of Veterans Affs.*, 2018 WL 3148109, at *2 (N.D. Ill. June 27, 2018) (mootness is evaluated under Rule 12(b)(1)) (internal citation omitted).

Defendants' Motion is properly understood as a factual challenge to subject-matter jurisdiction because it relies on evidence—namely, the USCIS's alert and Defendants' subsequent representations—to show that Plaintiffs' claims are moot. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) ("A factual challenge contends that there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient.") (internal citation omitted). "In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Id.* "[A] plaintiff faced with a 12(b)(1)

4

motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

## DISCUSSION

"An actual controversy must exist at every phase of litigation." *Hero v. Lake Cnty. Election Bd.*, 42 F.4th 768, 772 (7th Cir. 2022). There is no case or controversy "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal citation omitted). Thus, a case becomes moot if it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Gutierrez v. Saenz*, 606 U.S. 305, 320 (2025) (citing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)); *see also Gill v. Linnabary*, 63 F.4th 609, 613 (7th Cir. 2023).

Defendants first argue that this case is moot because the challenged policies have been vacated, thereby resolving Plaintiffs' request to enjoin their enforcement. (Dkt. 35 at 2-3). They rely on the *Dorcas* decision and USCIS's subsequent alert stating the Policy Memoranda to be no longer in effect. (*Id.* at 2). Plaintiffs counter that their claims are not moot because Defendants have not shown that the Policy Memoranda have been fully dismantled and, even if the Policy Memoranda are not currently in effect, Defendants fail to establish that they will not be reenacted. (Dkt. 38 at 2-14).

Typically, the repeal, expiration, or significant amendment to a challenged policy ends the ongoing controversy and renders a case moot where a plaintiff has requested injunctive relief. *See Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir. 2003) (collecting Supreme Court cases). For a case to be mooted, however, it must be "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *W. Virginia v. Env't Prot. Agency*, 597 U.S. 697, 720 (2022); *Speech First, Inc. v. Killeen*, 968 F.3d 628, 645 (7th

5

Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (Sept. 4, 2020). The party asserting mootness "bears the heavy burden of proof on this stringent standard." *Freedom From Religion Found., Inc. v. Concord Cmty. Schs.*, 885 F.3d 1038, 1051 (7th Cir. 2018) (internal citation omitted).

This rule developed as a response to concerns in cases involving private parties that the defendant would simply "return to his old ways" if a claim was automatically moot following the defendant's voluntary cessation of the challenged conduct. *Speech First*, 968 F.3d at 645 (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *Already*, 568 U.S. at 91 ("Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends."). Where a government or public official repealed or amended a policy, however, there is a rebuttable presumption that they will not repeat the objectionable behavior. *See ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 724 F.3d 854, 864 (7th Cir. 2013); *Concord*, 885. F3d at 1051 ("[I]f a government actor sincerely self-corrects the practice at issue, a court will give this effort weight in its mootness determination."); *Federation*, 326 F.3d at 929 (instead of "presuming bad faith" when defendants are public officials, courts "place greater stock in their acts of self-correction, so long as they appear genuine").

Thus, the repeal or amendment of a challenged law renders a case moot "unless there is evidence creating a reasonable expectation that the [government] will reenact the [policy] or one substantially similar." *Federation*, 326 F.3d at 929. Such evidence indicates that any repeal was disingenuous. *Id.* Plaintiffs argue that, despite Defendants' statements that the Policy Memoranda are no longer in effect, Defendants' conduct shows that they are actively trying to reinstate the

Policy Memoranda while developing replacement policies should those efforts fail. (Dkt. 38 at 2, 4-5, 7-8); (Dkt. 39).

Courts may look to a party's statements and conduct when determining whether it is reasonable to expect that they will reenact or replace a repealed policy. *Concord*, 885 F.3d at 1051-53; *Simmons v. Pritzker*, 2022 WL 7100611, at *3 (N.D. Ill. Oct. 12, 2022), *aff'd*, 2023 WL 8649881 (7th Cir. Dec. 14, 2023). Relevant considerations include whether the challenged policy was enforced before it was repealed, whether the defendant acknowledged the unconstitutionality of the policy, and whether the defendant affirmatively represented that it does not intend to reenact or replace it. *See Speech First*, 968 F.3d at 646 (declining to find a case moot where the defendant repealed the challenged policy before it was enforced and affirmatively represented to the courts that it did not intend to reenact it); *Wisconsin Right to Life, Inc. v. Schober*, 366 F.3d 485, 492 (7th Cir. 2004) (holding that a case is moot if a government agency acknowledges that it will not enforce a challenged statute because it is unconstitutional).

Here, Defendants enforced the policy for months before it was challenged and do not acknowledge that it is unconstitutional or in violation of any federal laws. (Dkt. 1 ¶¶ 4-22, 114-135); (Dkt. 35); (Dkt. 43). Further, they do not claim they would refrain from reinstating the Policy Memoranda if given the opportunity; in fact, their conduct demonstrates that they intend to do so. According to USCIS's alert announcing the repeal of the Policy Memoranda, Defendants only rescinded the policies because they were vacated by the court in *Dorcas*. USCIS Alert, *supra* n.1. Defendants immediately appealed the *Dorcas* decision to the First Circuit. *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, No. 26-1703 (7th Cir. June 12, 2026). They also sought a stay while the appeal is pending, which was denied. *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, 2026 WL 2042424 (D.R.I. July 15, 2026).

Additionally, Defendants continue to contest the validity of the *Dorcas* decision and defend the legality of the Policy Memoranda. USCIS Alert, *supra* n.1 ("USCIS strongly disagrees with the Court's order but will follow its terms pending possible further judicial review."); (Ex. A, Dkt. 39-1).

The Supreme Court recently considered a similar situation in *Mullin v. Al Otro Lado*, 146 S. Ct. 2079 (2026). There, plaintiffs challenged a policy enacted by the Department of Homeland Security to "meter" the number of individuals arriving at the border who would be inspected and allowed to apply for asylum each day. *Id.* at 2086-87. Although the government rescinded the metering policy, the Court held that the case was not moot because the government failed to establish that it was "absolutely clear" that it would not reimpose metering if it could. *Id.* at 2090, n.7. The Court relied on the government's own statements about the continued importance of metering and its representation that it would resume the policy as soon as conditions made it necessary. *Id.* The Court reasoned that the controversy remained live because a ruling for the government would allow it to reinstate the policy as it intended. *Id.*

Similarly, here, Plaintiffs provide unrebutted evidence that creates a reasonable expectation that Defendants will reenact the Policy Memoranda should the First Circuit decide the appeal in their favor. This is enough to conclude that the case is not moot. *See, e.g., West Virginia*, 597 U.S. at 720 (declining to dismiss a case as moot where the government "vigorously defend[ed]" the legality of the challenged emission limits and failed to suggest that it would not reimpose the limits if the litigation was resolved in its favor); *United States v. Sanchez-Gomez*, 584 U.S. 381, 386 (2018) (holding the government's recission of the challenged policy did not render the case moot where the government represented that it intended to reinstate the policy "once it was no longer bound by the decision of the Court of Appeals"); *City of Mesquite v. Aladdin's Castle, Inc.*, 455

8

U.S. 283, 289 n.11 (1982) (declining to find the case moot even though the defendant had repealed the challenged ordinance because it had told the Court that it intended to reenact the provision if the case was dismissed).

Moreover, even if Defendants lose their appeal in *Dorcas*, they have made clear that they intend to replace the Policy Memoranda with new policies to effectuate the same results. A case is not mooted by a mid-suit change in policy if the new policy is so similar that it does not correct the asserted problem. *See League of Women Voters of Indiana, Inc. v. Sullivan*, 5 F.4th 714, 721 (7th Cir. 2021). In support of their motion to stay in *Dorcas*, Defendants submitted a declaration of Angelica Alfonso-Royals, the Deputy Director of USCIS. (Ex. B, Dkt. 39-2). Alfonso-Royals describes the importance of the Policy Memoranda to "address potential vulnerabilities" posed by "high-risk countries" and the harm caused by the vacatur of the policies. (*Id.* at ¶¶ 5-8, 13). She further describes USCIS's ongoing efforts to institute new vetting and screening policies and procedures that would replace the Policy Memoranda. (*Id.* at ¶¶ 9-12). At oral arguments in this case, Defendants claimed not to know what the new policy would entail but did not deny that one was forthcoming. (Dkt. 41).

The new procedures contemplated by Defendants would not resolve the dispute. The crux of Plaintiffs' challenge is that the Policy Memoranda impermissibly delay the adjudication of their naturalization applications. (Dkt. 1). The procedures that Defendants are developing are similar to those at issue in the Policy Memoranda—a comprehensive re-review of applicants from "high-risk countries." (Ex. B, Dkt. 39-2 at ¶¶ 5-8, 13). And Defendants make no indication that any new policies would not result in the same delays Plaintiffs object to. As such, this case is not moot because there is a reasonable expectation that Defendants will reenact a substantially similar policy that will not resolve Plaintiffs' claims. *Compare ADT Sec.*, 724 F.3d at 864-66 (finding that an

9

amended ordinance did not moot the case because it was so similar to the repealed ordinance that it would not resolve the disputes between the parties) and *League of Women Voters*, 5 F.4th at 721 (holding that a case was not moot where a new ordinance operated similarly to the repealed ordinance such that the "gravamen" of the plaintiffs' challenge was "unchanged") *with Federation*, 326 F.3d at 931-32 (affirming lower court's finding that the case was moot where the law proposed to replace the repealed one was "of a significantly different character" and would "create a substantially different controversy").

Defendants declare that the Policy Memoranda are no longer in effect, but they do not disclaim their intent to reenact the challenged policies or impose ones substantially similar. As such, they have not met their burden to make "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *West Virginia*, 597 U.S. at 720. Therefore, even accepting that the *Dorcas* vacatur applies to Plaintiffs' claims,[2] this case is not moot because it remains possible for this Court to grant relief to Plaintiffs. *See Chafin*, 568 U.S at 172.

Additionally, even if the challenged policies were definitively repealed and Defendants had no intent to replace them, this case would not be moot because Plaintiffs seek additional relief that has not been obtained—the adjudication of their applications. (Dkt. 1 at 64); (Dkt. 38 at 5-9). The availability of even partial relief is sufficient to defeat mootness. *Church of Scientology of California v. United States*, 506 U.S. 9, 13 (1992); *see also Glob. Relief Found., Inc. v. O'Neill*, 315 F.3d 748, 751 (7th Cir. 2002) ("When relief is possible, a lawsuit is not moot").

---

[2] Whether the APA authorizes universal vacatur is an open question. *See United States v. Texas*, 599 U.S. 670, 695-704, (2023) (Gorsuch, J., concurring) (expressing skepticism that the APA authorizes universal vacatur); *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 809 n.2 (2024) (recognizing that the Court has long debated whether the APA authorizes vacatur and assuming without deciding, for the case at hand, that it was); *Trump v. CASA, Inc.*, 606 U.S. 831, 847 n.10 (2025) (noting that "[n]othing we say today resolves the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action"). Accordingly, although Defendants may have rescinded the Policy Memoranda in response to *Dorcas*, it remains unsettled whether that decision's vacatur extends to Plaintiffs in this case, who bring separate challenges to the same policies. The Court need not resolve this issue for the purposes of this Motion.

Defendants argue that "there is no longer a live controversy for the court to redress" because USCIS "is beginning the normal adjudication process" for Plaintiffs' applications. (Dkt. 43 at 1-2). Yet, Plaintiffs assert that their applications remain pending. (Dkt. 38 at 6-7). Indeed, Defendants' own assertion that the process "is beginning" indicates that Plaintiffs' applications have not yet been adjudicated. (Dkt. 43 at 1-2). More importantly, Defendants offer no evidence, other than their word, that Plaintiffs' applications will be adjudicated anytime soon. Given Defendants' continued defense of the challenged policies and their refusal to disavow reinstating them, the Court cannot conclude that Defendants' assurances alone have eliminated the need for judicial relief. *See Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449, 457 n.1 (2017) (holding that the Governor of Missouri's directive allowing religious organizations to compete for grants did not moot the case because nothing prevented the State from reverting to its prior policy excluding those organizations); *Concord*, 885 F.3d at 1050-1053 (rejecting mootness argument despite school district's assurances that a challenged holiday program would not return because the school district had not adopted a permanent policy change and continued to maintain that the prior version was lawful).

In similar cases challenging the same policies, courts across the country have granted injunctive relief and ordered the immediate adjudication of plaintiffs' applications notwithstanding *Dorcas* and USCIS's alert. *See, e.g., Doe v. Edlow*, 2026 WL 1945085 (S.D. Ohio July 6, 2026); *Sadighi v. Edlow*, 2026 WL 2020999 (N.D. Cal. July 13, 2026); *Karami v. Edlow*, 2026 WL 1723913 (D. Or. June 15, 2026). Although these courts did not expressly address mootness, their decisions reinforce the Court's conclusion that these recent developments do not eliminate the controversies presented in this case. Plaintiffs still have a "concrete interest. . . in the outcome of

11

the litigation," so this case is not moot. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016), *as revised* (Feb. 9, 2016) (internal citation omitted).

In sum, Defendants do not satisfy their burden to demonstrate mootness. They also offer no justification for continuing their Motion or staying the case. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) ("The party requesting a stay bears the burden of showing that the circumstances justify it."). Therefore, Defendant's Motion to Dismiss is denied.

## **CONCLUSION**

For the reasons stated above, the Court denies Defendants' Motion to Dismiss [35].

Virginia M. Kendall
United States District Judge

Date: August 3, 2026

12